**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VINCENT K. GRAHAM, | : | Civil Action No.: 12-4887 (NLH) |
| Petitioner, | : | |
| v. | : | OPINION |
| DONNA ZICKEFOOSE, | : | |
| Respondent. | : | |

**APPEARANCES:**

    VINCENT K. GRAHAM, Petitioner pro se
    #46425-066
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

    IRENE E. DOWDY, AUSA
    OFFICE OF THE U.S. ATTORNEY
    401 Market Street, Fourth Floor
    P.O. Box 2098
    Camden, New Jersey 08101

**HILLMAN, District Judge**

Petitioner, Vincent K. Graham, a federal prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"), at the time he filed this action, brings this habeas petition pursuant to 28 U.S.C. § 2241, challenging the

decision by the Federal Bureau of Prisons ("BOP") regarding the computation of his federal sentence and award of presentence custody credits.

Based on this Court's review of the pleadings and relevant record as provided by Respondent, this petition will be denied for lack of merit.

## I.  BACKGROUND

Petitioner states that he is presently serving an 87-month prison sentence imposed on May 3, 2011, pursuant to his federal conviction in the United States District Court for the Eastern District of Pennsylvania on charges of wire fraud, aggravated identity theft and uttering counterfeit securities.  (Petition, ¶¶ 1-4.)  On August 6, 2012, Petitioner filed this habeas action seeking presentence custody credit towards his federal sentence. In particular, Petitioner asks to be credited for the time he was held at the Federal Detention Center in Philadelphia, PA ("FDC Philadelphia"), from June 17, 2009 to July 17, 2009. Petitioner alleges that on June 17, 2009, he had been incarcerated at the Bucks County Correctional Facility when he was picked up by the U.S. Marshals and transported to FDC Philadelphia for arraignment on federal charges.  On July 17, 2009, Petitioner alleges that he was released on bail to home confinement.  He was never returned to the Bucks County

2

Correctional Facility.  Consequently, he spent 30 days, from June 17, 2009 to July 17, 2009, in the FDC Philadelphia and was not credited for this time.  (Petition, ¶ 7.)

On April 1, 2013, Petitioner filed another petition seeking to add five days to his request for presentence custody or jail credit, namely, for October 6, 2008 and from April 13, 2008 through April 16, 2008.

On February 1, 2013, Respondent answered the habeas petition and provided a copy of the relevant record.  (Docket entry no. 11.)  Respondent confirms that Petitioner was sentenced on April 28, 2011, in the United States District Court for the Eastern District of Pennsylvania, to an 87-month prison term, with three years of supervised release, on his conviction for wire fraud, aggravated identity theft, uttering counterfeit checks, aiding and abetting, and conspiracy, in violation of 18 U.S.C. §§ 1343, 1349, 1028A(a)(1)&(c)(5), 513, 371, and 2.  Petitioner's projected release date is July 10, 2017, assuming he receives all good conduct time ("GCT") available to him pursuant to 18 U.S.C. § 3624(b).  (Respondent's Answer at pg. 3, Declaration of Rosalind Ellington, Paralegal Specialist, and Exhibit 1 (SENTRY Public Information Inmate Data printout), Docket entry nos. 11, 11-1, 11-2.)  Respondent's answer sets

forth the following relevant information regarding Petitioner's presentence custody history.

On December 12, 2007, Petitioner was arrested by the Delaware State Police in New Castle County, Delaware, on charges of shoplifting (Case No. 071203147, New Castle County Court of Common Pleas). He posted bond and was released on that same date. (*See* Declaration of Kellen Jean Goulet, Correctional Programs Specialist, Designation and Sentence Computation Center, ¶¶ 5(b), 7(a); Docket entry no. 11-3.)

On February 9, 2008, Petitioner was arrested by the Middletown Township police in Bucks County, Pennsylvania, on charges of Criminal Attempt, Resisting Arrest, Passing Bad Checks and Disorderly Conduct (PA Docket No. CP-09-CR-0004919-2008). He was released on bond on February 12, 2008. (*See* Goulet Decl., ¶¶ 5(b), 7(b).)

On April 13, 2008, Petitioner was arrested by local police in Atlantic County, New Jersey, for theft by deception (Atlantic County Superior Court Case No. 08-07-01850-1). On April 16, 2008, Petitioner was released on bail. (*Id.*, ¶¶ 5(b), 7(c).) On June 28, 2008, Petitioner was arrested by local police in Philadelphia County, Pennsylvania, and released on bond on July 15, 2008. That case was dismissed on September 26, 2008 (Docket No. MC-51-CR-0032965-2008). (*Id.*, ¶¶ 5(c), 7(d).)

4

On July 17, 2008, Petitioner again was arrested by the Middletown Township police in Bucks County, Pennsylvania, for being a Fugitive from Justice (Case No. MJ-07108-MD-0000125-2008). He was released on bond the same day. (*Id.*, ¶ 7(e).) Two days later, on July 19, 2008, Petitioner was arrested by local police in Lower Providence, Montgomery County, Pennsylvania, and charged with Burglary, Criminal Conspiracy, Criminal Attempt, Criminal Trespass of a Structure, Receiving Stolen Property, Theft by Unlawful Taking, and Conspiracy to Commit Burglary (Docket CP-46-CR-0005425-2010). Petitioner was released on bond on August 14, 2008, and those charges later were *nolle prossed*. (*Id.*, ¶¶ 5(c), 7(f), 7(g).)

On October 7, 2008, Petitioner was arrested by local police officers in Bellmawr (Camden County), New Jersey, pursuant to a warrant for Contempt, Forgery, and Theft charges from Atlantic County, New Jersey (and pending a warrant issued by the District Court for Baltimore County, Maryland). He was detained in Camden County, New Jersey, on October 7, 2008; on the same day he was turned over to the Sheriff's Department of Atlantic County, New Jersey. On October 9, 2008, Petitioner pled guilty to Theft by Deception in Atlantic County Superior Court (Case Number 08-07-01850-1). He remained in the custody of the

5

Atlantic County Department of Public Safety until the next day, October 10, 2008, at which time he posted bond and was turned over to local law enforcement authorities for Baltimore County, Maryland, on charges of Theft, Issuance of a False Document and Theft Of Over $50 (Case No. 5C00282287).  On October 12, 2008, he posted bond with law enforcement authorities in Baltimore County, Maryland.  The criminal charges in the Baltimore County matter (Case Number 5C00282287) were dismissed on December 17, 2008.  (*Id.*, ¶¶ 5(c), 7(h)-(j).)

On October 22, 2008, Petitioner entered a guilty plea (to charges of Criminal Attempt, Resisting Arrest, Passing Bad Checks and Disorderly Conduct) in the Pennsylvania Court of Common Pleas, Bucks County (PA Docket No. CP-09-CR-0004919-2008).  (*Id.*, ¶¶ 5(b), 7(k).)

On November 6, 2008, Petitioner pled guilty to Shoplifting in New Castle County Court of Common Pleas (Wilmington, Delaware)(Case No. 071203147).  (*Id.*, ¶¶ 5(b), 7(l).)  On February 3, 2009, the Court of Common Pleas, Bucks County, Pennsylvania, revoked bail in Petitioner's earlier case (Case Number CP-09-CR-0004919-2008), where he had been charged with criminal attempt, resisting arrest, passing bad checks and disorderly conduct.  On February 24, 2009, Petitioner was

6

sentenced in that matter to six to 23 months, with credit for time served. (*Id.*, ¶¶ 5(b), 7(m)-(n).)

On June 12, 2009, Petitioner was sentenced in absentia in Atlantic County Superior Court (Case Number 08-07-01850-1: Theft by Deception) to 60 days incarceration with four days jail credit. (*Id.*, ¶¶ 5(b), 7(o).)

On June 8, 2009, while Petitioner was serving the sentence imposed by the Bucks County Court of Common Pleas, the United States District Court of the Eastern District of Pennsylvania issued a writ of habeas corpus *ad prosequendum* directing the United States Marshals Service and the Warden of the Bucks County Correctional Facility to produce Petitioner to answer federal criminal charges. (*Id.*, ¶ 7(p), Ex. G.)

On June 17, 2009, Petitioner was arrested on the federal criminal charges (Wire Fraud, Aggravated Identity Theft, Conspiracy, Uttering Counterfeit Checking, Aiding and Abetting), for which he is now serving his federal sentence. On that date Petitioner was transported by the U.S. Marshal's Service, under a writ of habeas corpus *ad prosequendum*, to the FDC Philadelphia. (*Id.*, ¶ 7(q); Ex. H.) On July 16, 2009, the United States District Court for the Eastern District of Pennsylvania granted Petitioner's application for release on bond as to the pending federal charges. (*Id.*, 7(r); Ex. J.)

7

Effective July 17, 2009, Bucks County authorities paroled Petitioner on his sentence in Case Number CP-09-CR-0004919-2008. (*Id.*, ¶¶ 5(b), 7(s); Ex. F.)  Also on July 17, 2009, Petitioner posted bond as to the pending federal charges, and he was released on bond on that date.  (*Id.*, ¶ 7(t); Ex. I.)

On October 7, 2010, after a jury trial, Petitioner was convicted in the pending federal prosecution.  Petitioner's release on bond was continued at that point.  (*Id.*, ¶¶ 6, 7(u); *see United States v. Vincent Graham*, U.S.D.C., E.D.Pa., Criminal Case Number 2:09-CR-00318-LS-1, docket entry 62.)  As noted above, on April 28, 2011, Petitioner was sentenced in the Eastern District of Pennsylvania to an 87-month prison term. The sentencing court ordered Petitioner to surrender on May 7, 2011, for service of his federal sentence.  (*Id.*, ¶ 7(v); Ex. K, Judgment and Commitment Order.)  On May 3, 2011, the sentencing court issued an Order resetting Petitioner's voluntary surrender date at May 9, 2011.  (*Id.*, ¶ 7(w); Ex. L, Amended Order to Surrender.)

The Government, in its answer, also provided the BOP's computation of Petitioner's sentence, as commencing on May 9, 2011, and the BOP's award of a total of 53 days of prior custody credit against his federal sentence, for the following periods of time:

- December 12, 2008 (one day)
  Arrest for shoplifting in Delaware, release on bond on same date, non-custodial sentence (Case Number 071203147)

- June 28, 2008 – July 15, 2008 (18 days)
  Arrest/release on bond, Philadelphia County, case subsequently dismissed (Docket Number MC-51-CR-0032965-2008)

- July 17, 2008 (one day)
  Arrest/release on bond, Fugitive, Bucks County (Docket Number MJ-07108-MD-0000125-2008)

- July 19, 2008 – August 14, 2008 (27 days)
  Arrest/release on bond, Montgomery County, case subsequently *nolle prossed* (Case Number CP-46-CR-0005425-2010)

- October 7, 2008 – October 12, 2008 (six days)
  Arrest/release on bond, Bellmawr to Atlantic County to Baltimore County, Baltimore County charges later dismissed (Case Number 5C00282287)

The BOP has not awarded credit against Petitioner's sentence for the other periods that he was in custody before his federal sentence was imposed (February 9-12, 2008; April 13-16, 2008; February 3, 2009 – July 17, 2009), because all of those periods were credited against the sentences imposed by the Bucks County Court of Common Pleas (Case Number CP-09-CR-0004919-2008) and/or the Atlantic County Superior Court (Case Number 08-07-01850-1).  (Answer at pp. 10-11; Goulet Declaration at ¶¶ 10, 12-15; Ex. M, pg. 2 - SENTRY Sentence Monitoring Computation Data printout.)

As referenced above, Petitioner filed the instant habeas petition under 28 U.S.C. § 2241 on or about August 6, 2012.  The

9

Government filed a response to the petition, together with the relevant administrative record, on February 1, 2013. (Docket entry no. 11.) Petitioner thereafter filed a reply/traverse on or about February 11, 2013. (Docket entry no. 12.) On or about April 1, 2013, Petitioner filed a new habeas petition seeking prior custody credit for an additional five days regarding his current federal sentence. This Court construed that new application as an amendment to this action and it was docketed as such herein, on April 11, 2013. (Docket entry no. 14.)

The Government concedes that Petitioner has exhausted his administrative remedies regarding prior custody credits. (Answer, pg. 11, Docket entry no. 11.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). The federal habeas statute requires

that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004)(quoting *Maleng*, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the computation of his federal sentence, and he was incarcerated in New Jersey at the time he filed the Petition. *See Blood v. Bledsoe*, 648 F.3d 203 (3d Cir. 2011); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005).

B.  The Petition is Without Merit

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, *see United States v. Wilson*, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, *see* 28 C.F.R. § 0.96 (1992).  Computation of a federal sentence is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination of, first, the date on which the federal sentence commences and, second, the extent to which credit is awardable for time spent in custody prior to commencement of the sentence:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the

11

> official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

Thus, "[i]n calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." *Blood*, 648 F.3d at 207. As to the second part regarding award of credit, the Supreme Court emphasized that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'" *Wilson*, 503 U.S. at 333. Similarly, the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial. *Rios v. Wiley*, 201 F.3d 257, 272, 274 (3d Cir. 2000), *abrogated in part on other*

*grounds by statute* ("[A]s the BOP correctly argues, the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner"); *see also Harris v. Zickefoose*, 2013 WL 227549, *2 (3d Cir. Jan. 22, 2013); *Ruggiano v. Reish*, 307 F.3d 121, 125 n. 1 (3d Cir. 2002), *superseded on other grounds by* U.S.S.G. § 5G1.3(c) cmt. n. 3(E)(2003)(an *ad prosequendum* writ does not serve to transfer custody to federal authorities); BOP Program Statement 5880.28 § 3b (1999) (emphasizing that *ad prosequendum* writs do not effect a transfer to federal custody). *See also, generally, United States v. Vega*, 493 F.3d 310, 314 (3d Cir. 2007).

Upon review of the record in this case, this Court finds that Petitioner has not shown that he is entitled to habeas relief.  The Government has shown that the BOP properly awarded Petitioner a total of 53 days of prior custody credit under 18 U.S.C. § 3585(b), for those times that Petitioner was in official detention and that time period was not otherwise credited towards any other term of imprisonment.

However, Petitioner argues that he is entitled to credit for the 31 days (June 17, 2009 through July 17, 2009) that he was housed at the FDC Philadelphia under a writ of habeas corpus

13

*ad prosequendum* on the assumption that this time was spent in federal custody.

The Government counters that Petitioner is not entitled to prior custody credit for the time Petitioner spent at the FDC Philadelphia from June 17, 2009 through July 17, 2009, because those 31 days were credited to his state sentence imposed by the Bucks County Court of Common Pleas (Case No. CP-09-CR-0004919-2008), and it simply is not permissible for inmates to double count their time served.  *See Wilson*, 503 U.S. at 337; *see also Vega*, 493 F.3d at 314.

This Court must reject Petitioner's claim for credit for the time period from June 17, 2009 through July 17, 2009, because Petitioner remained in the primary custody of the state court during this time despite his confinement at the FDC in Philadelphia on a writ of habeas corpus *ad prosequendum*.  As stated plainly above, "the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner."[1]  *Rios*, 201 F.3d at 274; *Harris*

---

[1] Generally, the sovereign which first arrests an individual acquires primary jurisdiction for purposes of trial, sentencing, and incarceration. The arresting sovereign retains primary jurisdiction unless it relinquishes it by (1) releasing the prisoner on bail; (2) dismissing the charges; (3) releasing the

*v. Zickefoose*, 2012 WL 4120537, *5 (D.N.J. Sept. 18, 2012). Here, it is clear that the state had not relinquished its primary jurisdiction over Petitioner until July 17, 2009, when Petitioner was paroled from his state sentence (Bucks County Court of Common Pleas, Case No. CP-09-CR-0004919-2008).

Moreover, it is clear that the time spent in federal detention was credited against Petitioner's state sentence. Petitioner did not spend any time in primary federal custody until he submitted to voluntary surrender on May 9, 2011. Therefore, he is not entitled to the 31 days credit he now seeks because it is impermissible double crediting under 18 U.S.C. §3585(b). *See Wilson*, 503 U.S. at 332-33; *Rios*, 201 F.3d at 272; *Chambers*, 920 F. Supp. At 623.

Petitioner also seeks credit for October 6, 2008, a date he alleges that he was arrested. He admits that he received credit for October 7, 2008, while he was detained in Camden County Jail for one day. The record provided by Respondent shows that Petitioner actually was arrested on October 7, 2008, not October

---

prisoner on parole; or (4) the expiration of the sentence. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D.Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996). A sovereign does not relinquish authority by producing a state prisoner for sentencing in a federal court via a writ of habeas corpus *ad prosequendum*. *See Cole*, 416 F.3d at 896-897; *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991); *Chambers*, 920 F. Supp. at 622.

6, 2008.  Consequently, Petitioner received credit for the day in contention and the issue is moot.

    Finally, Petitioner seeks credit for four days in April 2008, namely, April 13, 2008 through April 16, 2008.  On April 13, 2008, Petitioner was arrested by local police in Atlantic County, New Jersey on charges of theft by deception.  Petitioner remained in custody there until April 16, 2008, when he was released on bond.  On October 9, 2008, petitioner pled guilty to the theft by deception charge in the Superior Court of New Jersey, Atlantic County, Case No. 08-07-01850-1, and he remained in the custody of the Atlantic County Department of Public Safety until October 10, 2008, when he posted bond and was turned over to law enforcement authorities for Baltimore County, Maryland for other charges pending there.  On June 12, 2009, Petitioner was sentenced *in absentia* in Atlantic County on the theft by deception charge (Case No. 08-07-01850-1) to 60 days in jail with four days of jail credit.  (*See* Goulet Declaration at ¶¶ 5(b), 7(o)).

    Thus, the time period from April 13, 2008 through April 16, 2008 was credited against Petitioner's state sentence imposed by the Atlantic County Superior Court (Case No. 08-07-01850-1), *see* Goulet Declaration at ¶ 14(b), and Petitioner is not entitled to

receive credit for these same four days against his federal sentence because it is statutorily prohibited double crediting under 18 U.S.C. § 3585(b).  Accordingly, his habeas petition will be denied for lack of merit.

### III.   CONCLUSION

For the reasons set forth above, this Court finds that the BOP has correctly computed Petitioner's federal sentence and has awarded all presentence custody credit to which Petitioner is entitled under 18 U.S.C. § 3585(b).  Therefore, this habeas petition will be denied with prejudice for lack of merit.  An appropriate order follows.


April 25, 2013                          s/ Noel L. Hillman
                                        NOEL L. HILLMAN
                                        United States District Judge
At Camden, New Jersey